**E-Filed 10/16/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOE GEOFFREY WOOD,<br><br>                    Plaintiff,<br><br>        v.<br><br>STATE BAR OF CALIFORNIA,<br><br>                    Defendant. | Case Number C 07-2020 JF<br><br>ORDER[1] GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE<br><br>[re: docket no. 19] |

Defendant, the State Bar of California ("Defendant") seeks to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6) the complaint filed by Plaintiff, Joe Geoffrey Wood ("Plaintiff"). Defendant also requests judicial notice of certain documents in support of its motion. Plaintiff seeks to extend the time to file his opposition. For reasons stated below, the Court will grant Defendant's motion under Fed. R. Civ. Pro. 12(b)(1), will not reach the issue of whether Defendant also is entitled to dismissal under Fed. R. Civ. Pro. 12(b)(6), and will terminate Plaintiff's request to extend the time as moot.

_____

[1] This disposition is not designated for publication and may not be cited.

**I. BACKGROUND**

The following facts are taken from the Complaint unless otherwise noted. The instant federal action arises from Defendant's ongoing pre-admission investigation of Plaintiff's moral fitness to practice law. California requires that all applicants admitted to the State Bar receive a positive moral character determination before being recommended to the California Supreme Court for entry on the roll of attorneys. Plaintiff submitted his initial moral character application in May 2004. He took and passed the July 2004 California Bar examination. However, the processing of his moral character application was delayed.

On July 15, 19, and 22, 2004, Plaintiff unilaterally corrected and updated his moral character application. Plaintiff submitted additional materials on December 10 and 30, 2004. On May 5, 2005, he updated his address and employment.

On September 18, 2005, the State Bar's Office of Admissions sent Plaintiff a letter requesting additional information and indicating that Plaintiff had failed to disclose a prior criminal charge and a prior employer on his moral character application. Plaintiff also was asked to provide information about his mental health treatment and a copy of an attachment missing from his moral character application. Plaintiff responded to this request on October 15, 2005.

In January 2006, Plaintiff again updated his employment record and address. In February and March 2006, Plaintiff was informed that the Committee had not received all of the medical records it had requested, that the Committee had not yet received a response from law enforcement authorities in connection with his criminal background check, and that he would have to submit another set of fingerprints.

On September 13, 2006, Plaintiff was informed via letter that the moral character supervisor had completed review of his moral character application and had forwarded it to the appropriate subcommittee for further review. In October 2006, Plaintiff was invited to meet with the Subcommittee on Moral Character to discuss both his prior criminal charge and his withdrawal of his application for admission to the Colorado Bar. According to Plaintiff, this meeting was held in mid-November and "focused almost exclusively on the criminal charge and [Plaintiff's] relationships with women." Complaint at ¶ 47.

2

1      Plaintiff alleges that he previously was diagnosed with bi-polar disorder that "limits his

2  participation in major life activities such as working, sleeping, and interpersonal relationships."

3  Complaint at ¶ 79.  Plaintiff expressed his desire to treat his bi-polar condition with "non-toxic

4  medicines" and "other practices."  Complaint at ¶ 80.

5      All of these issues were resolved satisfactorily, and on December 4, 2006, the Committee

6  informed Plaintiff that it had approved his application for admission.  On December 15, 2006,

7  the Committee formally moved the California Supreme Court to admit Plaintiff, along with other

8  applicants, to the California bar.[2]

9      However, on December 5, 2006, Plaintiff was arrested for driving under the influence

10  with an alleged blood alcohol level of 0.18.[3]  On December 19, 2006, Plaintiff was arrested

11  again, this time for stalking in violation of a restraining order.  Complaint at ¶ 50.[4]

12  Consequently, on January 5, 2007, prior to Plaintiff actually having been admitted to the

13  California Bar, the Committee moved to remove Plaintiff's name from the list of applicants

14  certified for admission because "the Committee [had become] aware of certain facts regarding

15  Wood's background that were not previously disclosed during the investigation of Plaintiff's

16  moral character."[5]  That motion was granted by the California Supreme Court on January 17,

17  2007.[6]  On July 3, 2007, the Committee informed Plaintiff that it no longer was recommending

18

19      [2]  Defendant requests judicial notice of a Certification and Motion for Admission of
Attorneys list, dated December 15, 2006, submitted to the Supreme Court of the State of

20  California.  The Court will grant this request.

21      [3]  Defendant requests judicial notice of a misdemeanor complaint, filed January 5, 2007,

22  Placer County Superior Court.  The Court will grant this request.

23      [4]  Defendant requests judicial notice Amended Information No. 06F11023, dated
February 26, 2007, Sacramento Superior Court.  The Court will grant this request.

24

25      [5]  Defendant requests judicial notice of a Motion to Amend Previous Order Striking the
Name of Joe Geoffrey Wood, filed January 5, 2007, in the Supreme Court of California.  The

26  Court will grant this request.

27      [6]  Defendant requests judicial notice of an Order striking name of Joe Geoffrey Wood

28  from a list of applicants who have fulfilled the requirements for admission to the practice of law
in the State of California, filed January 17, 2007, in the Supreme Court of California.  The Court

Case No. C 07-2020 JF
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
(JFLC3)

1   his admission, "after consideration of factors including your lack of candor in your Application

2   for Determination of Moral Character, and generally, your failure to establish that you were of

3   good moral character . . . ."[7]

4        Plaintiff filed the instant action on April 10, 2007.  Plaintiff alleges six claims for relief,

5   including alleged violations of :(1) Title I of the American with Disabilities Act ("ADA"), (2)

6   Title II of the ADA; (3) the Rehabilitation Act of 1973; (4) California's Federal Fair Employment

7   and Housing Act ("FEHA"); (5) California's Unruh Civil Rights Act, and (6) the federal right to

8   privacy.  Although he does not identify it as a separate claim, Plaintiff also implicitly alleges a

9   state tort claim for emotional distress.  In essence, Plaintiff alleges that Defendant violated the

10   ADA by inquiring about his mental health treatment in the course of its pre-admission moral

11   character investigation.  Plaintiff alleges that this inquiry unfairly delayed the processing of his

12   application.

13        On August 14, 2007, Defendant filed the instant motion to dismiss.  Plaintiff's response

14   was due on September 14, 2007.  However, Plaintiff did not file his response until September 21,

15   2007 and sought leave for an enlargement of time.  Defendant initially objected to Plaintiff's

16   request on September 24, 2007.  However, on October 1, 2007, Defendant filed its reply.  The

17   Court heard oral argument on October 5, 2007.

18                        **II.  LEGAL STANDARD**

19        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the

20   jurisdiction of the court over the subject matter of the complaint.  Fed. R. Civ. P. 12(b)(1).  "A

21   Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air For Everyone v. Meyer*,

22   373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the moving party asserts that the

23   allegations in the complaint are insufficient on their face to invoke federal jurisdiction.  *Id*.  In a

24   factual attack, the moving party disputes the truth of the allegations in the complaint, which

25   —————————————————

26   will grant this request.

27      [7]  Defendant requests judicial notice of a letter from Debra Murphy Lawson, Director,
      Moral Character Determinations, to Joe Geoffrey Wood, dated July 3, 2007.  The Court will
28   grant this request.

4

1   otherwise would be sufficient to invoke federal jurisdiction. *Id*.  In resolving a facial attack, the

2   Court accepts the allegations in the complaint as true. *Whisnant v. United States*, 400 F.3d 1177,

3   1179 (9th Cir. 2005).  In resolving a factual attack, the Court need not presume the truthfulness

4   of the allegations set forth in the complaint and may consider evidence beyond the face of the

5   complaint without converting the motion to dismiss into a motion for summary judgment. *Id*.;

6   *Safe Air*, 373 F.3d at 1039.  Once the moving party has presented affidavits or other evidence

7   tending to show that subject matter jurisdiction does not lie, the plaintiff must present affidavits

8   or other evidence sufficient to establish subject matter jurisdiction. *Safe Air*, 373 F.3d at 1039.

9                                   **III.  DISCUSSION**

10          Defendant argues that this action should be dismissed for lack of standing and subject

11   matter jurisdiction, pointing out that Plaintiff has not sought review of the denial of his

12   application in the California Supreme Court. *See Gianni v. Committee of Bar Examiners of the*

13   *State Bar of California*, 847 F.2d 1434, 1435 (9th Cir. 1988).  Plaintiff responds he is

14   challenging not the outcome of his application but rather the application process itself and that

15   accordingly he is not required to seek redress from the California Supreme Court.  The remedy

16   Plaintiff seeks is not admission to the bar but rather money damages and an injunction that would

17   prevent Defendant from conducting similar inquiries of mentally disabled individuals in the

18   future.

19          Defendant argues that regardless of Plaintiff's characterization of his claims the

20   California Supreme Court is the only forum available to Plaintiff for hearing claims emanating

21   from the bar admissions process.  Defendant asserts that it is the autonomy of the California

22   Supreme Court, and the corresponding powerlessness of the Committee, that creates state action

23   for purposes of alleged federal rights deprivation.  Defendant argues there can be no cognizable

24   deprivation of Plaintiff's rights until the California Supreme Court takes action and has had an

25   opportunity to address Plaintiff's claim.

26          This Court agrees with Defendant.  Early in the history of the California State Bar, the

27   Supreme Court examined allegations analogous to Plaintiff's—i.e. allegations of the fundamental

28   unfairness of the application process—in two separate cases. *In re Matter of Investigation of*

                                            5

1  *Conduct of the Examination for Admission to the Practice of Law*, 1 Cal.2d 691934); *Salot v.*

2  *State Bar of California*, 3 Cal.2d 615 (1934).  Additionally, in each of the cases cited by Plaintiff

3  to show that Title II applies to bar admission processes, the Plaintiff followed proper procedure

4  by first seeking review in the State Supreme Court.  *See Cox v. Alabama State Bar*, 392

5  F.Supp.2d 1295 (M.D.Ala. 2005); *Florida Board of Bar Examiners re S.C.*, 707 So.2d 323 (Fla.

6  1998).  Thus, at least until Plaintiff's allegations have been reviewed by the California Supreme

7  Court, this Court lacks subject matter jurisdiction.

8          Additionally, in light of his concession that he is not challenging the admissions

9  committee's decision, Plaintiff lacks Article III standing.  To have standing, Plaintiff must have

10  suffered an injury in fact, there must be a connection between his injury and the conduct

11  complained of, and it must be likely that the injury will be redressed by a favorable decision.  *See*

12  *Ware v. Wyoming Bd. of Law Examiners*, 973 F.Supp. 1339 (D.Wyo. 1997).  Plaintiff does not

13  challenge Defendant's decision not to admit him.  Although Plaintiff argues that the alleged

14  unfairness of Defendant's process caused him harm separate and apart from the denial of his

15  application, it is the denial of the application, and the resulting deprivation of Plaintiff's right to

16  practice law, that underlies all of Plaintiff's claims.

17                              **IV. ORDER**

18          Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss

19  pursuant to Fed. R. Civ. Pro. 12(b)(1) is GRANTED without prejudice.  Plaintiff's motion to

20  extend the time to file his opposition is terminated as moot.

21  IT IS SO ORDERED.

23  DATED:  October 16, 2007

24                              _____
                               JEREMY FOGEL
25                              United States District Judge

6

1    This Order has been served upon the following persons:

2    Joe Geoffrey Wood
     915 L Street
3    Suite C432
     Sacramento, CA 95814
4
5    Mark A Torres-Gil   Mark.torresgil@calbar.ca.gov

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7